UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE GOMEZ, : <br> : <br> Plaintiff, :     Civ. No. 22-5528 (RBK) (MJS) <br> : <br> v. : <br> : <br> D.O. RICHARD DIMONTE, et al., :     **OPINION** <br> : <br> Defendants. : <br> : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.  INTRODUCTION

Plaintiff, Jorge Gomez ("Plaintiff" or "Gomez"), is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a civil complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Previously, this Court denied without prejudice Plaintiff's initial application to proceed *in forma pauperis*. (*See* ECF 4). Accordingly, this case was administratively terminated. Subsequently, Plaintiff filed another application to proceed *in forma pauperis*. (*See* ECF 5). Thus, the Clerk will be ordered to reopen this case.

Plaintiff's application to proceed *in forma pauperis* will be granted. At this time, this Court must also screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether Plaintiff seeks monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint shall be permitted to proceed past screening.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The factual allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names three Defendants in this action, they are as follows:

1. G. Martin – Assistant Health Service Administrator F.C.I. Fairton;
2. G. Dimonte – D.O.; and
3. Redford – Food Administrator F.C.I. Fairton.

Plaintiff states that he is not receiving a prescribed special bland diet at F.C.I. Fairton, which has resulted in stomach pains, cramps, bleeding, diarrhea and sleepless nights. He claims all three Defendants are aware that Plaintiff is not receiving his prescribed bland diet based on administrative grievances and appeals he has filed.

Plaintiff seeks monetary damages from the Defendants. Additionally, prior to the administrative termination of this case, Plaintiff filed a motion for a preliminary injunction (*see* ECF 3) as well as a motion for the appointment of pro bono counsel. (*See* ECF 2). Given the reopening of this case, those two motions will be reinstated so that they can be decided. Both motions though will be denied without prejudice for the reasons described *infra*.

## III.  LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

IV.    DISCUSSION

Plaintiff sues the three Defendants for failing to resolve the purported lack of Plaintiff receiving a prescribed bland diet to help treat his colitis. The Eighth Amendment to the United States Constitution prohibits the states from inflicting "cruel and unusual punishments" on those

3

convicted of crimes. *See Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See id.* at 106.

To establish deliberate indifference, a "plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious. Additionally, a plaintiff must make a 'subjective' showing that defendant acted with a 'sufficiently culpable state of mind.'" *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "In order for liability to attach under [*Bivens*], a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard,* 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (citing *Rode v. Dellaciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (citation omitted).

Allegations of negligence or medical malpractice are not sufficient to establish a constitutional violation as the "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (quoting *Estelle*, 429 U.S. at 105); *see also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (neither claims of medical malpractice nor disagreements regarding the proper medical treatment are actionable).

At this screening stage, this Court notes that a special diet *can* constitute a serious medical need. *See Molley v. CFG Health Sys.*, No. 10-5266, 2012 WL 1134817, at *4 (D.N.J. Apr. 3, 2012). Thus, the issue then becomes whether the three named Defendants were deliberately indifferent to those purported serious medical needs.

Typically, a plaintiff grieving matters to supervisors and administrators is not enough to impose personal knowledge of the purported wrongdoing. *See Croom v. Wagner,* No. 06–1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept.11, 2006) ("[N]either the filing of a grievance nor an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing.") (citing *Rode,* 845 F.2d at 1208) (other citations omitted); *see also Alexander v. Gennarini,* 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior.* The District Court properly dismissed Alexander's claims as against Defendants Klem and Burks, as the allegations related to these defendants merely assert their involvement in the post-incident grievance process.") (internal citation omitted).

However, in this case, Plaintiff alleges an ongoing constitutional violation, namely the failure to receive a prescribed diet for his health, that he made Defendants aware of through the filing of administrative grievances. Courts have explained that a plaintiff states a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an ongoing violation as he "'is personally involved in that violation because [s]he is confronted with a situation [that person] can remedy directly.'" *Carter v. Smith,* No. 08–279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) (quoting *Harnett v. Barr,* 538 F. Supp. 2d 511, 524–25 (N.D.N.Y. 2008)); *see also Zappulla v. Fischer,* No. 11–6733, 2013 WL 1387033, at *10 (S.D.N.Y. Apr.5, 2013) ("[T]he Complaint further alleges that Defendant Lee, after being informed of that

5

ongoing violation through the grievance process, failed to remedy that wrong. Those allegations ... are adequate to state a claim against Lee.") (citations omitted); *Whitehead v. Rozum,* No. 11–102, 2012 WL 4378193, at *2 (W.D. Pa. Aug.7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly.") (citations omitted), *report and recommendation adopted by,* 2012 WL 4370929 (W.D. Pa. Sept. 24, 2012); *Williams v. Johnson,* No. 10–1290, 2011 WL 1396967, at *5 (E.D. Va. Apr.11, 2011) ("In support of his argument, Williams states that Johnson was made aware of these violations through appeals to denials of grievances that Williams filed. To the extent that the [allegations] relate to ongoing constitutional violations that defendant Johnson was made aware of, Williams has plausibly stated a claim for which Johnson made be liable."); *Binsack v. Lackawanna Cnty. Prison,* No. 10–535, 2010 WL 4973309, at *3 (M.D. Pa. Oct. 14, 2010) ("A prisoner's grievance or complaint regarding ongoing abuse may be sufficient to put a prison official on notice of such abuse by other prison staff and therefore may show actual knowledge of an alleged constitutional violation and acquiescence in the events forming the basis of a prisoner's claims.") (citing *Atkinson v. Taylor,* 316 F.3d 257, 270–71 (3d Cir. 2003)), *report and recommendation adopted by,* 2010 WL 4956329 (M.D. Pa. Dec. 1, 2010).

In this case, as Plaintiff alleges an ongoing purported constitutional violation that Defendants were made aware of through his administrative grievances, he has stated a deliberate indifference claim against the three Defendants. Thus, the complaint shall be permitted to proceed.[1]

---

[1] This Court expresses no opinion at this screening stage on whether Plaintiff can bring such a *Bivens* claim against the three Defendants after *Ziglar v. Abbasi,* 582 U.S. 120 (2017).

## V.     MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has also filed a motion for preliminary injunctive relief. (*See* ECF 3). He seeks an order for Defendants to provide him with his special diet. To secure the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Barber v. Sharp*, No. 10–5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (other citation omitted). A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A plaintiff "must establish that all four factors favor preliminary relief." *Barber*, 2011 WL 2223651, at * 15 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

It is worth noting that none of the three Defendants have been provided with notice of this suit, nor with Plaintiff's motion for a preliminary injunction. Accordingly, adjudicating Plaintiff's motion for a preliminary injunction without notice to the Defendants would run afoul of Federal Rule of Civil Procedure 65(a). *See Davis v. Rozum*, No. 10-207J, 2010 WL 4861352, at *1 (W.D. Pa. Nov. 23, 2010) (noting adjudicating motion for preliminary injunction prior to notice on the Defendants would be improper under Rule 65(a)). Accordingly, Plaintiff's motion for a preliminary injunction will be denied without prejudice at this time.

## VI.     MOTION FOR THE APPOINTMENT OF PRO BONO COUNSEL

Plaintiff has also filed a motion for the appointment of pro bono counsel. (*See* ECF 2). Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). To appoint pro bono counsel, there must be some

merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Furthermore, in determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies solely with the discretion of this Court. *See Tabron*, 6 F.3d at 155.

Upon analyzing these factors, this Court will deny Plaintiff's motion to appoint pro bono counsel without prejudice at this time. For example, this case does not seem necessarily complex, and Plaintiff should be able to pursue this case on his own, at least at this early screening stage. If, however, circumstances change, Plaintiff may file another motion to appoint pro bono counsel for reconsideration anew.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is granted and Plaintiff's complaint shall proceed past screening. Plaintiff's motions for the appointment of pro bono counsel and for a preliminary injunction are reinstated and are denied without prejudice. An appropriate order will be entered.

DATED: August 28, 2023                                                                s/ Robert B. Kugler
                                                                                                          ROBERT B. KUGLER
                                                                                                          United States District Judge